07 CV 013



Levisohn Berger LLP
805 Third Avenue
New York, New York 10022
(212) 486-7272
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EYAL R. D. CORP., <br><br> Plaintiff, <br><br> v. <br><br> JEWELEX NEW YORK LTD., INC., <br><br> Defendant. | COMPLAINT AND JURY DEMAND <br><br> Civil Action No. <br> Civ. (    ) <br><br> ECF |

## COMPLAINT

Plaintiff Eyal R. D. Corp. (hereinafter "Plaintiff" or "Eyal") by its attorneys Levisohn Berger LLP for its Complaint against the Defendant Jewelex New York Ltd., Inc. ("Jewelex") alleges:

## I. JURISDICTION AND VENUE

1.  This action is a civil action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 101, et seq.

2.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. § 1331.

3.   Venue lies in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 28 U.S.C. §1400 (a).

4.   A substantial part of the events giving rise to these events occurred in this district and defendant resides in this district within the meaning of 28 USC §§ 1391 (b) and (c).

## II.  THE PARTIES

5.   Plaintiff Eyal is a corporation of the State of New York having offices at 135 Cuttermill Road, Great Neck, New York 11021.

6.   Upon information and belief, Defendant Jewelex is a corporation of the State of New York with its principal place of business at 22 West 48th Street, 15th Floor, New York, NY 10036-1803.

## III.  The Copyright Registrations

7.   Plaintiff is in the business of developing, manufacturing and selling jewelry.

8.   Plaintiff is the owner of U.S. copyright registration VA 1-386-584 issued with an effective date of registration of 12/1/2006 by the United States Copyright Office for the work titled "FM-DIA 06 Adv" for a collection of jewelry designs (the "Copyrighted Work"), including that copied by Defendant. A true copy of the Certificate of copyright registration with a copy of the deposit copy is attached hereto as Exhibit 1.

9.   Plaintiff has the right to sue and recover for any and all infringements of said Copyright Registration.

### IV.   Defendant's Acts of Infringement

10.   Upon information and belief, Defendant is in the business of manufacturing and selling jewelry, and does business throughout the United States.

11.   On information and belief, Defendant began in or about 2006 to sell and continues to sell infringing copies of the Copyrighted Work or portions of the Copyrighted Work (the "Infringing Copy") throughout the United States and in this jurisdiction. Attached hereto as Exhibit 2 is a comparison between Plaintiff's Copyrighted Work and Defendant's Infringing Copy.

## CLAIM I

### (Copyright Infringement)

12   The Copyrighted Work contains material wholly original to Plaintiff and constitute copyrightable subject matter according to the laws of the United States.

13.   On information and belief, since in or about a date unknown in 2006, Defendant has infringed Plaintiff's rights to the Copyright Registration in the Copyrighted Work by selling and/or placing upon the market in this district and elsewhere infringing goods, which were copied wholly from the Copyrighted Work and which are respectively substantially similar to the Copyrighted Work or portions of the Copyrighted Work.

14.   On information and belief, defendant has and continues to sell the Infringing Copies to the public and such acts constitute infringement of the Copyright Registration.

15. On November 14, 2006, plaintiff, by its attorneys, sent a letter to Defendant, <u>inter alia,</u> informing Defendant of Plaintiff's rights with respect to the Copyrighted Work and Registration and demanding that Defendant terminate its infringing activities.

16. Despite due notice to defendant of plaintiff's rights, defendant continues to infringe the rights of plaintiff.

17. The infringement of the Copyright Registration by Defendant is willful.

18. Defendant has offered for sale and sold and is continuing to offer for sale and sell Infringing Copies which infringe the aforesaid Copyright Registration.

19. On information and belief, defendant continues to manufacture the Infringing Copies and has in its possession the molds and models from which it manufactures the Infringing Copies.

20. By reason of the foregoing, plaintiff has been injured in an amount not yet ascertained.

21.    Unless enjoined by this Court, as requested below, defendant will continue its acts of infringement and plaintiff will suffer irreparable injury and has no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that Judgment be entered against Defendant as follows:

1.    For Judgment that Defendant has infringed the Copyright Registration and that plaintiff be awarded damages in the amount of all profits of Defendant resulting from the infringement of the Copyright Registration and/or from Defendant's unjust enrichment as set forth herein or in the alternative at Plaintiff's election, awarding statutory damages, provided by 17 U. S. C. Section 504(c) in an amount to be set by the Court, among other relief;

2.    For an Order enjoining and restraining Defendant from:

a)    making, using, offering for sale, selling, marketing, displaying, distributing and advertising any works infringing the Copyright Registration,

b)    continuing the acts of copyright infringement set forth herein, and from engaging in any additional acts of copyright infringement against plaintiff;

3.      Ordering Defendant to turn over to the Court or to plaintiff, or to destroy within ten (10) days from the entry of any Final Judgment or Preliminary Decree entered in this action, all property owned by defendant which is unlawfully created copies of plaintiff's distinctive works, all molds and models owned by defendant used to create said infringing jewelry,   any infringing product literature owned by defendant, and all other works owned by defendant that infringe Plaintiff's copyright, including an award of costs incurred by plaintiff for the destruction of said articles.

4.      Awarding Plaintiff costs and expenses, including reasonable attorney's fees, pursuant to 17 U.S.C. Section 505;

5.      Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated:      New York, New York
            January 3, 2007

                        LEVISOHN BERGER, LLP

                        By:_____
                           Peter L. Berger (PB-0121)
                           805 Third Avenue, 19th Floor
                           New York, NY 10022
                           (212) 486-7272
                           Fax:  (212) 486-0323
                           ATTORNEYS FOR PLAINTIFF
                           **EYAL R. D. CORP**


H:\Jonathan\Eyal\EYAL copyright complaint.wpd