UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
:
EYAL R.D. Corp., :
:
                     Plaintiff, :
:
   -against- :
: 07 Civ. 13 (CSH)
:
JEWELEX New York, Ltd., :
: MEMORANDUM OPINION
                   Defendant. : AND ORDER
:
:
-----------------------------------------------------------------------x

HAIGHT, Senior District Judge:

On cross-motions in this action for copyright infringement, the full factual background is set forth in the Court's opinion filed concurrently herewith, denying the cross-motion of defendant Jewelex New York Ltd. ("Jewelex") for summary judgment invalidating the registered copyright of plaintiff Eyal R.D. Corp. ("Eyal") and declaring non-infringement. Familiarity with that opinion is assumed.

Eyal's motion to dismiss Counts IV-X of Jewelex's counterclaims is granted. These counts all stem from letters Eyal sent to jewelry retailers, placing them on notice of Jewelex's asserted infringement of Eyal's copyright. A copyright owner who believes that its copyright is being infringed is entitled to send such letters. The Second Circuit made that plain in *Shapiro & Son Bedspread Corp. v. Royal Mills Associates*, 764 F.2d 69, 75 (2d Cir. 1985), when it said in comparable circumstances:

> Royal also contends that in view of the alleged invalidity of Shapiro's copyright claim, Shapiro's actions in notifying Royal's customers that Royal was infringing Shapiro's copyright and this could have adverse legal consequences for Royal's allegedly infringing product

unlawfully interfered with Royal's business. In our view, however, Shapiro's actions were not improper since if in fact, Shapiro has a valid copyright in the Lace Fantasy design, as may prove to be the case, sellers of infringing works may indeed be subject to certain sanctions.

*Shapiro* remains good law in the Second Circuit and controls the case at bar. It is not necessary that the validity of Eyal's copyright have been established beyond question at the time these letters were sent; that is the purpose of the Second Circuit's phrase in *Shapiro* that the validity of the plaintiff's copyright "may prove to be the case," presumably at a trial. In the case at bar, Eyal stands in the same position, and the letters it sent to retailers were proper as a matter of law.

Eyal's motion to dismiss with prejudice Counts IV-X of Jewelex's counterclaims is granted

It is SO ORDERED.

Dated: New York, New York
September 17, 2008

_____
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE