James D. Fornari (JF3433)
Paul Rachmuth (PR1566)
GERSTEN SAVAGE LLP
*Attorneys for Defendant*
600 Lexington Avenue
New York, NY, 10022
Telephone: (212) 571-9700
Facsimile: (212) 980-5192

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EYAL R.D. CORP.,<br><br>            Plaintiff,<br><br>     v.<br><br>JEWELEX NEW YORK LTD., INC.,<br><br>            Defendant. | Case No. 07-cv-13 (AKH)<br><br>**DEFENDANT JEWELEX NEW YORK LTD., INC.'S PROPOSED JURY INSTRUCTIONS** |

Defendant, Jewelex New York Ltd., Inc. (Jewelex) hereby submits the following

proposed Jury Instructions for use in the trial of the above-captioned matter.

Dated: January 13, 2012
        New York, NY 10022

                                        Respectfully Submitted,

                                        /s/
                                        James D. Fornari
                                        GERSTEN SAVAGE LLP
                                        *Attorneys for Defendant*
                                        600 Lexington Avenue
                                        New York, NY, 10022
                                        Telephone: (212) 571-9700
                                        Facsimile: (212) 980-5192

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

### General Instructions

#### 1.    Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

Authority: *Grossman v. United Fruit Co.*, Civ. 45-437 (S.D.N.Y.); MFJI 71-1.

#### 2.    Role of Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Authority: *Patapsco Insurance Co. v. Southgate*, 30 U.S. 604, 621 (1831); *Franks v. United States Lines Co.*, 324 F.2d 126 (2d Cir. 1963); MFJI 71-2.

## 3. Role of Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said--or what I may say in these instructions--about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not plaintiff Eyal has proven its case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Authority: *Mollica v. Compania Sud-Americana DeVaporea*, Civ. 65-60 (S.D.N.Y.); *Grossman v. United Fruit Co.*, Civ. 45-3437 (S.D.N.Y. 1953); MFJI 71-3.

### 4.    Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

Authority: *J.J. Theatres v. 20th Century Fox*, Civ. 49-80, Docket 3459 (S.D.N.Y.); *Grossman v. United Fruit Company*, Civ. 45-437, Docket 463 (S.D.N.Y. 1953); MFJI 71-4.

### 5.    Jury To Disregard Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

<u>Authority:</u> *Mollica v. Compania Sud-Americana DeVaporas*, Civ. 64-60 (S.D.N.Y.); MFJI 71-5.

## 6.    Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

<u>Authority:</u> MFJI 71-6.

## 7.    Reprimand of Counsel for Misconduct

During the course of the trial, if I admonished or reprimanded an attorney because I did not believe what he was doing was proper, you should draw no inference against him or his client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the court.

<u>Authority:</u> MFJI 71-7.

## 8.   Corporate Parties

In this case, both plaintiff Eyal and defendant Jewelex are corporations. The mere fact that the parties are corporations does not mean they are entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

Authority: MFJI 72-1.

## 9.   Burden of Proof

This is a civil case and as such plaintiff Eyal has the burden of proving the material allegations of its complaint by a preponderance of the evidence. Similarly, with respect to the counterclaims that have been made by defendant Jewelex, the burden of proof is upon the defendant to prove the material allegations of those counterclaims by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that plaintiff Eyal has carried its burden on each essential point as to which it has the burden of proof, then you must find for the plaintiff on its claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then plaintiff Eyal has failed to sustain its burden and you must find for the defendant. By the same token, if you find that defendant Jewelex has carried its burden of proof with respect to each of the elements of its counterclaims, then you must find for the defendant.

If upon a consideration of all the facts on the issue of Eyal's claim of having created a copyrightable ring which was original and entitled to receive an independent copyright registration and Jewelex's infringement of that copyright, you find that plaintiff Eyal has failed to sustain the burden cast upon it, then you should proceed no further and your verdict must be for defendant Jewelex. If, however, you find that plaintiff Eyal has sustained the burden on these issues, then you should proceed to consider Eyal's inequitable conduct. In this regard, the burden is upon defendant Jewelex to establish one or more of the affirmative defenses of Eyal's inequitable conduct or invalidity, etc. by a preponderance of the evidence.

If you determine that defendant Jewelex has sustained its burden of establishing the affirmative defense, then you should proceed no further and your verdict must be for the defendant. If, however, you find that plaintiff Eyal has established all of the essential elements of its case and

that defendant Jewelex has not sustained its burden of proof as to the affirmative defenses, then you should proceed to consider the issue of damages.

Authority: *Neasbitt v. Isbrandtsen SS Co.*, Civ. 44 556 (S.D.N.Y.); *Hedger v. United Fruit*, Civ. 44-101 (S.D.N.Y.); MFJI 73-1.

## 10.   Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every disputed element of its claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish its claim by a preponderance of the evidence, you must decide against it on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence--it must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence.

Authority: *Fischl v. Armitage*, 128 F.3d 50 (2d Cir. 1997); *Larson v. JoAnn Cab Corp.*, 209 F.2d 929 (2d Cir. 1954); MFJI 73-2.

## 11.   What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose--such as for the purpose of assessing a witness' credibility--you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Authority: *United States v. Aluminum Co. of America*, 1 F.R.D. 62 (S.D.N.Y. 1939); MFJI 74-1.

11a.    WILLFUL SUPPRESSION OF EVIDENCE
You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that

party. You may also consider that fact in determining what inferences to draw from the evidence, including as an indication of the party's consciousness that his case is weak or unfounded.

*Glover v. BIC Corporation*, 6 F.3d 1318, 1329 (9th Cir. 1993); *Thor v. Boska*, 38 Cal. App.3d 558, 565-68 (1974).

## 12.    Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses--something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

Authority: *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960); MFJI 74-2.

## 13.    Judicial Notice

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict.

Authority: MFJI 74-3.

14.    **Stipulation of Facts**

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Authority: MFJI 74-4.

15.    **Summaries and Charts Admitted as Evidence**

Plaintiff Eyal and defendant Jewelex have presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Authority: MFJI 74-11.

16.    **Summaries and Charts Not Admitted as Evidence**

The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

Authority: *United States v. Citron*, 783 F.2d 307 (2d Cir. 1986); MFJI 74-12.

**17.   Interrogatories**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

Authority: *Rosenthal v. Poland*, 337 F. Supp. 1161 (S.D.N.Y. 1972); MFJI 74-13.

**18.   Depositions**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Authority: MFJI 74-14.

**19.   Inference Defined**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Authority: *Schulz v. Pennsylvania R. Co.*, 350 U.S. 523 (1956); *Lavender v. Kurn*, 327 U.S. 645 (1946); *Wilkins v. American Export Isbrandtsen Lines, Inc.*, 446 F.2d 480 (2d Cir. 1971); MFJI 75-1.


## 20.    Effect of Inference on Burden of Proof--Inference Against Defendant Does Not Shift Burden of Proof

The mere existence of an inference against one party or the other does not relieve plaintiff Eyal of the burden of establishing its case by a preponderance of the evidence. If plaintiff Eyal is to obtain a verdict, you must still believe from the credible evidence that it has sustained the burden cast upon it. If Eyal has failed, then your verdict must be for defendant Jewelex. If you should find that all of the evidence is evenly balanced, then plaintiff Eyal has failed to sustain the burden of proof and your verdict should be for defendant Jewelex.

If and only if you determine, after carefully weighing all the evidence, that the facts favor plaintiff Eyal by the standard I have articulated, then Eyal has met the burden of proof.

Authority: *Robins Dry Dock & Repair Co. v. Navigazione Libera Triestina*, 32 F.2d 209 (2d Cir. 1929); MFJI 75-2.

**21.    Party's Failure To Produce Evidence**

You have heard testimony about evidence which has not been produced. Counsel for plaintiff Eyal (or defendant Jewelex) has argued that this evidence was in defendant's (or plaintiff's) control and would have proven facts material to the matter in controversy.

If you find that plaintiff Eyal (or defendant Jewelex) could have produced the evidence, and that the evidence was within its control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to Eyal (or Jewelex).

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether plaintiff Eyal (or defendant Jewelex) had a reason for not producing this evidence, which was explained to your satisfaction. Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

Authority: *Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376 (2d Cir. 2001); MFJI 75-7.

**22.    Witness Credibility**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor--that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness

may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Authority: *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620 (1944); *Dyer v. MacDougall*, 201 F.2d 265 (2d Cir. 1952); *Arnstein v. Porter*, 154 F.2d 464 (2d Cir. 1946); MFJI 76-1.

## 22a.  Witness Willfully False or Swears Falsely

A witness who is willfully false in one material part of his or her testimony or who has sworn falsely before is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

Bandana Trading Co., Inc. v. Quality Infusion Care, Inc., 164 Cal. App. 4th 1440 (Cal. App. 2d Dist. 2008)

## 23.  Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Authority: *Davis v. Alaska*, 415 U.S. 308 (1974); *Duke Laboratories, Inc. v. United States*, 222 F.Supp. 400 (D. Conn. 1963); MFJI 76-2.

**24.     Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

Authority: *Davis v. Alaska*, 415 U.S. 308 (1974); *Duke Laboratories, Inc. v. United States*, 222 F.Supp. 400 (D. Conn. 1963); MFJI 76-3.

**25.     Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel has argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Authority: *Quock Ting v. United States*, 140 U.S. 417 (1891); MFJI 76-4.

## 26.    Impeachment by Prior Inconsistent Statements and Sworn Statements

You have heard evidence that at some earlier time the witness has said or done or written and sworn under oath to something which is inconsistent with the witness' trial testimony.

While evidence of a prior inconsistent statement may be considered by you as affirmative evidence in determining liability, evidence of a prior sworn statement on a point may be considered by you in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact; or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

It is also exclusively your duty, based upon any prior sworn statements by a witness, to determine if the subsequent statement is false.  As I indicated earlier, a witness who is willfully false in one material part of his or her testimony or who has sworn falsely before is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

Authority: MFJI 76-5.

## 27.    Expert Witnesses – Generally

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the

theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Authority: *United States v. Simon*, 425 F.2d 796 (2d Cir. 1969); MFJI 76-9.

## 28. Conflicting Expert Testimony

You have heard testimony of two witnesses who have been called by both sides to give their opinion about relevant prior art.

The witnesses who testified in this case did so in order to assist you in reaching a decision on the issue of whether plaintiff Eyal's ring design was sufficiently original to warrant copyright protection, as well as whether Eyal authored the design of its ring and whether Jewelex could have developed its ring from a source other than from Eyal's ring design.

The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and their testimony relates to a question of fact--that is, whether plaintiff's ring design, on its own, was sufficiently original to warrant copyright protection; so, it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness' motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in light of all the evidence. You should not permit a witness' opinion testimony to be a substitute for your own reason, judgment and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

Authority: *United States v. Bohle*, 475 F.2d 872, 874 (2d Cir. 1973); MFJI 76-10.

## 29.    Consider Damages Only if Necessary

If plaintiff Eyal has proven by a preponderance of the credible evidence all of the elements of its case and Jewelex has not established any of its affirmative defenses, then you must determine the damages to which plaintiff Eyal is entitled. However, you should not infer that plaintiff Eyal is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Eyal is entitled to recovery.

Authority: MFJI 77-1.

## 30.    Right to See Exhibits and Hear Testimony, Communications With Court

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony--in fact any communication with the court--should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Authority: MFJI 78-1.

## 31.    Duty to Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, plaintiff Eyal must sustain its burden of proof as I have explained to you with respect to each element of the complaint. If you find that plaintiff Eyal has succeeded, you should return a verdict in its favor on that claim. If you find that Eyal failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff. Only if you find that Eyal has met its burden of proof on each element of its claim should you then consider if defendant Jewelex has failed to sustain its burden with respect

to any element of the Jewelex's affirmative defense or counterclaim. If you so find, then you must return a verdict against the defendant on that defense or claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Authority: *American Publishing Co. v. Fisher*, 166 U.S. 464 (1896); *Grace Lines, Inc. v. Motley*, 439 F.2d 1028 (2d Cir. 1971); MFJI 78-3.

## 32.    Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

Authority: MFJI 78-5.

## 33.    Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Authority: MFJI 78-6.

## 34.    Special Verdict

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.

Authority: MFJI 78-9.


## Instructions Related to Plaintiff's Copyright Claim


## 35.   Subject Matter of Copyright Generally

Only original work of authorship expressed in any form by which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device are protected by the Copyright Act. Works of authorship may include:

1. literary works;

2. musical works, including any accompanying words;

3. dramatic works, including any accompanying music;

4. pantomimes;

5. choreographic works;

6. pictorial works, which includes graphic works, and sculptural works;

7. motion pictures, television shows, and other audiovisual works;

8. sound recordings;

9. architectural works;

10. mask works fixed in semiconductor chip products; and

11. computer programs.

Jewelry designs are generally considered under the category of sculptural works and a copyright may be obtained in the design of a piece of jewelry or a collection of related jewelry pieces.

Copyright protection for an original work of authorship does not extend to any fact, idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

In order for someone to bring a copyright action, a person or company must register the copyright claim in accordance with the Copyright Act.

Authorities: *Yurman Design, Inc. v. Paj, Inc.*, 262 F.3d 101, 110 (2d Cir. 2001); 17 U.S.C. §411 (a);  MFJI 86B-11.

## 36.    Elements of Liability Generally – Burden of Proof

The Copyright Act grants a copyright owner certain exclusive rights to its copyrighted work, including (i) the right to produce copies or reproductions of the work, (ii) to sell those copies, and (iii) to import or export the work.

In this case, plaintiff Eyal claims that defendant Jewelex has infringed Eyal's copyright in one ring design, by making copies of, selling, and importing that design.

In order to prevail on its copyright infringement claim, Eyal must show by a preponderance of the evidence a number of things:

First: that plaintiff Eyal is the owner of an original work protected by the Copyright Act.

Second: that defendant Jewelex made copies of, sold, or imported rings which were copies of the copyrighted original work without Eyal's permission.

Plaintiff Eyal has the burden of proving each of these elements by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that Eyal has proved each element. Only if you find that Eyal has proved these elements by a preponderance of the evidence, you may then find the defendant Jewelex liable for copyright infringement. You will then consider the issue of damages under separate instructions.

Authorities: *Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62 (1st Cir. 2002) ("the act of distribution is a direct infringement itself"); *Quality King Distribs. v. L'Anza Research Int'l*, 523 U.S. 135, 144 (1998); MFJI 86B-10; *Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340, 361

(1991); *BUC Intern. Corp. v. International Yacht Council Ltd.*, 489 F.3d 1129 (11th Cir. 2007); FED-JI 160.21.

## 37. Essential Elements of Plaintiff's Claim – Ownership of Valid Copyright

The first thing that plaintiff Eyal must prove in order to prevail on its copyright infringement claim against defendant Jewelex is that Eyal is the owner of a work which is actually protected by the Copyright Act.

In order to prove this, Eyal must show the following elements:

First: That Eyal's work is original; and

Second: Either that Eyal is the author, or that Eyal's relationship with the author permits Eyal to claim ownership of the work.

In this case, plaintiff Eyal has alleged that its certificate of registration includes a depiction of the ring design. Jewelex contends that the ring is not depicted in Eyal's certificate of registration and, therefore, is not even the subject of or incorporated into a copyright registration.

The certificate is only prima facie evidence to prove the element of Eyal's ownership if it is applied for within five years of when the work being registered was first "published", a term I will explain shortly. Here, Eyal asserts that it published or sold the ring at some point but at least by 1995 which is more than five (5) years prior to the time it sought to register it, so the registration alone is not enough to establish that element.

Defendant Jewelex, disputes that Eyal's ring is original and contends that the ring alone would not have been granted a registration, thus preventing Eyal from bringing this action. Jewelex also contends that Eyal is not the author of the work which was registered, which is a collection of rings and pendants. Thus, Jewelex claims that Eyal's certificate of registration of its copyrighted work is not valid.

Authorities: 17 U.S.C.A. § 410 (c); *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997); *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 763 (2d Cir. 1991); *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 455 (2d Cir. 1989); *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir. 1985); FED-JI 160.20.

**38.     Copyright Ownership – Originality of Copyright in the Work**

In this case, plaintiff Eyal claims that defendant Jewelex has infringed Eyal's copyright only in the design of a particular ring design.  The Eyal ring design features a half-channel made of high-polished metal with alternating princess and baguette diamonds set in the channel.

In determining whether Eyal has established a valid copyright in this single ring design, the first question for you, the jury, to decide is whether Eyal has proved that the single ring is an original work.  A copyright is invalid if the material is not original, as that concept is explained to you in these instructions.

Under the copyright law, originality means that the work was independently created by the author and not copied from other works. The ring might resemble other works, but if the author independently conceived the work, or at least significant parts of it, then the work is original. The quantum of originality required for copyright protection is very small.

The work need not be completely or entirely original. It may include or incorporate elements taken from prior works, from works used with their owner's permission, or from works in the public domain. The work may even consist entirely of individual components in the public domain.  If you find that the ring involves variations on preexisting works, then copyright protection will only extend to the original elements of the work or the original combination and presentation of pre-existing elements.

In this context, there is no precise rule as to how much of the work must have originated from the author in order for the plaintiff to claim copyright protection. Trivial or marginal originality is not sufficient. However, the requisite level of creativity is extremely low; even a slight amount will suffice.  As long as a work possesses some creative spark, no matter how crude, humble or obvious it might be, it may be considered original for the purposes of copyright protection.

Eyal contends that its choice to use alternating princess-cut diamonds and straight-baguette diamonds in the single ring design constitutes the requisite creativity to warrant it copyright protection.

Jewelex has presented evidence in this trial, in the form of a certified copy of the United State Copyright Office's Visual Arts and Recordation Division's practices, which states that mere choice of diamond cut should not be used when determining creativity.

Authorities: *Diamond Direct, LLC v. Star Diamond Group, Inc.*, 116 F.Supp.2d 525, 528-29 (S.D.N.Y. 2000); *Eyal R.D. Corp. v. Jewelex New York, Ltd.*, 576 F.Supp.2d 626, 635 (S.D.N.Y. 2008); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (U.S. 1991); *Weindling Int'l, Corp. v. Kobi Katz, Inc.*, 2000 U.S. Dist. LEXIS 14255, *11 (S.D.N.Y. Sept. 29, 2000), MFJI 86B-12; MFJI 86B-17.

**39.    Copyright Ownership – Authorship – Work Made for Hire**

The next issue concerns whether plaintiff Eyal is allowed to claim copyright as the author of the work.  Plaintiff Eyal itself did not create the work.

Plaintiff Eyal is a corporation, but under the law, qualifies nonetheless as a "person that can claim the legal rights of an author."

The copyright law allows a corporation or a person to claim a copyright ownership of a work that was made by employees or independent contractors in what is called a "for-hire" relationship. If the work was made for-hire for plaintiff Eyal, then the law considers plaintiff Eyal the copyright owner of the work.

A work made-for-hire is a work prepared by what the law calls an employee working within the scope of the employee's employment. What that means is, a person acting under the direction and supervision of the hiring author, at the hiring author's instance and expense.

Because neither Eyal, nor any of its employees made the princess-cut or baguette diamonds within the single ring design, Eyal cannot claim authorship of that element in its single ring design.

Authorities: 17 U.S.C.A. § 102; 17 U.S.C.A. § 201(b); *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737, 739-40 (1989); FED-JI 160.24.


**40.    Copyright Ownership – Copyright Registration Generally**

Copyright registration is not a condition of copyright protection but it is a condition for bringing an action or securing any damages. Eyal's certificate of registration is not prima facie evidence of Eyal's copyright ownership of the single ring design if Eyal applied for the registration more than five years of first publishing the design sought to be protected.  If the certificate of registration is found to be invalid or that Eyal applied for the registration more than five years after first publishing the design sought to be protected, then the registration certificate does not provide prima facie evidence of copyright ownership.


Authorities: 17 U.S.C. § 408(a); *Dynamic Solutions, Inc. v. Planning & Control, Inc.*, 646 F.Supp. 1329, 1341 (S.D.N.Y. 1986); *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997); *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 455 (2d Cir.1989); 3-12 Nimmer on Copyright ß 12.11(West 2011).

**41.   Copyright Ownership – Copyright Registration – Group Registration's Limited Protection for Individual Items in the Group.**

A group registration, such as the one applied for by Eyal does not automatically protect each element in the group.  It only provides protection to the individual element within the collection that are themselves copyrightable. That is, the element or piece in the collection which Eyal seeks to assert was infringed must be capable of being independently registered and original in order to satisfy the requirement that the it is copyrightable subject matter. Thus, Eyal's registration provides no presumption of copyright protection for the single ring.

Authorities: Szabo v. Errisson, 68 F.3d 940, 943 (5th Cir. 1995) ("a copyright of a collection of unpublished works protects the individual works that are copyrightable") (emphasis added); King Records, Inc. v. Bennett, 438 F. Supp.2d 812, 841 (M.D. Tenn. 2006) ("courts have found that registration of a collection extends copyright protection to each copyrightable element in the collection.") (emphasis added). Cf. 17 U.S.C. § 103(b) (copyright in a compilation extends only to original work therein); 37 C.F.R. § 202.3(a)(4)

**42.   Copyright Ownership – Group Registration – Relatedness**

Eyal sought to register the jewelry collection in a special manner with the Copyright Office referred to as a group registration of published works.  Under the Copyright Act, a group of works, if they are shown to be related, can be registered under a single copyright registration in this manner.  This rule applies to group registrations of jewelry designs.

In order to determine whether the individual jewelry designs within a group registration are related, you must consider whether the designs are variations on the same basic design, comparing size, shape, proportions and the like, whether the designs have the same basic distinguishing characteristics, and whether the designs bear a resemblance to one another.

Similarly, to determine whether the various items in the single registration are related or not, you may consider the designs themselves and whether they have similar characteristics as well as whether they were assembled or put together and meant to be presented as a collection by the creator or were put together by someone else who was not the creator or author.

Authorities: *Yurman Design, Inc. v. PAJ, Inc.*, 93 F.Supp.2d 449, 456 (S.D.N.Y. 2000) *aff'd in part, rev'd in part*, 262 F.3d 101 (2d Cir. 2001); *Eyal R.D., Corp. v. Jewelex New York Ltd, Inc.*, 576 F.Supp.2d 626, 636-37 (S.D.N.Y. 2008).

**42a    Copyright Ownership – Group Registration - Publication as a Single Unit**

One of the requirements of a group registration of published works is that all of the elements in the group must be published together in a single unit.

Publication means the distribution of copies a work to the public by sale or other transfer or offering to distribute copies of a work to a group of persons for purposes of further distribution, public performance, or public display. A public performance or display of a work does not of itself constitute publication.

Eyal's copyright registration application asserts that it published the collection of jewelry in question in 2006. This court has already determined that it is a question for you, the jury, to determine whether Eyal did, in fact, publish the entire collection as a single unit.

Authorities: 37 C.F.R. § 202.3(b)(4)(i); Compendium II, Copyright Office Practices ¶902 (citing 17 U.S.C. 101); *Eyal R.D., Corp. v. Jewelex New York Ltd, Inc.*, 576 F.Supp.2d 626, 638 (S.D.N.Y. 2008). ("The factual issues raised by the genesis of Eyal's "collection," as well as the marketing arrangements and other relevant facts suggested by the cited cases, will be explored at trial.")


**43.    Affirmative Defense – Fraud on Copyright Office/Innocent Error Rule**

Jewelex may also challenge Eyal's copyright registration by proving the affirmative defense of fraud; that any errors, omissions or misstatements in Eyal's copyright application constitutes fraud upon the Copyright Office.

In order to succeed in this affirmative defense, Jewelex has the burden to prove (i) that Eyal's application was factually inaccurate, (ii) that Eyal asserted the factual inaccuracies willfully or deliberately, (iii) that the Copyright Office relied on those misstatements, and (iv) that the Copyright Office would not have granted the copyright registration in the Eyal channel ring if it had not relied on Eyal's misstatements.

Where any misstatements or errors in Eyal's copyright application can be considered accidental, innocent or unintentional, then they are not sufficient to rebut the presumption of ownership created by Eyal's copyright registration if Eyal could show that the copyright office would have accepted the application if it contained proper information.

Authorities: 17 U.S.C. § 411(b); *Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2d Cir. 1984); *Sunham Home Fashions, LLC v. Pem-America, Inc.*, 2002 WL 31834477, at *5 (No. 02 Civ. 6284 (JFK)); *Lennon v. Seaman*, 84 F.Supp.2d 522, 525 (S.D.N.Y. 2000); *Dynamic Solutions, Inc. v. Planning & Control, Inc.*, 646 F.Supp. 1329, 1341 (S.D.N.Y. 1986).

*Eyal R.D., Corp. v. Jewelex New York Ltd, Inc.*, 576 F.Supp.2d 626, 641 (S.D.N.Y. 2008) (citing 2 *Nimmer on Copyright, § 7.20 )*[1]; *R.F.M.A.S., Inc. v. Mimi So*, 619 F.Supp. 2d 39, 59 (S.D.N,Y. 2009) (citing *eScholar, LLC v. Otis Educ. Sys., Inc.* 04 Civ. 4051, 2005 U.S. Dist. Lexis 40727 (S.D.N.Y. Nov. 3, 2005) (the innocent error rule applies when the Copyright Office would otherwise have accepted the application if it contained the proper information)

## 44.    Copyright Infringement – Essential Elements of Plaintiff's Claim Generally

In addition to establishing that plaintiff Eyal owns the copyrighted design in the single ring, Eyal must also prove that defendant Jewelex infringed plaintiff Eyal's rights in that work.

Subject to certain defenses, a person copies and then sells or imports copyright protected materials without the copyright owner's permission, will be found to have infringed on the owner's copyright.

If the work was copied or taken from plaintiff Eyal by defendant Jewelex's supplier but not by Jewelex, that does not protect Jewelex from liability.  Liability attaches to the sale of an unauthorized copy of a copyrighted work, regardless of whether the seller is the one who made that copy, and regardless of whether the seller is aware that the work is an unauthorized copy.

To prove that Jewelex infringed Eyal's copyright in its single ring design, Eyal must show that Jewelex or its suppliers had access to Eyal's copyrighted work and that there are substantial similarities between Jewelex's work and Eyal's work.

---

[1]      [A] misstatement or clerical error in the registration application, if unaccompanied by fraud, should neither invalidate the copyright nor render the registration certificate incapable of supporting an infringement action. However, this conclusion pertains only to the extent that the work in question would still have been eligible for copyright had the registration application contained a correct statement of the facts. If the claimant willfully misstates or fails to state a fact that, if known, might have caused the Copyright Office to reject the application, then the registration may be ruled invalid.

Authorities: 17 U.S.C.A. § 501; *Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340, 361 (1991); FED-JI 160.20; 17 U.S.C.A. § 501; *Twin Peaks Productions, Inc. v. Publications, Int'l, Ltd.*, 996 F.2d 1366, 1372 (2d Cir. 1993); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir.), *cert. denied*, 476 U.S. 1159 (1986); *Aldon Accessories Ltd. v. Spiegel, Inc.*, 738 F.2d 548 (2d Cir.), *cert. denied*, 469 U.S. 982 (1984), *overruled on other grounds, Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 736 n. 2 (1989); *Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1073 (2d Cir. 1992); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982); *Kregos v. Associated Press*, 3 F.3d 656, 662, (2d Cir. 1993), *cert. denied*, 510 U.S. 1112, 114 (1994); FED-JI 160.26.

## 45.   Copyright Infringement – Circumstantial Evidence

Plaintiff Eyal may prove that its copyright was infringed by defendant Jewelex copying the ring design through direct or circumstantial evidence.

In most copyright cases, circumstantial evidence is used to show that infringement has occurred. Circumstantial evidence means the proof of facts that would support a logical inference that copying must have taken place. Among the significant circumstances for you to consider are these issues:

First: Did Jewelex have access to Eyal's single ring design?  In other words, did Eyal establish that Jewelex saw the ring before Jewelex designed its ring.

Second: Are the elements of each ring such that it is reasonable to infer that each entity, as a jewelry design company, could have come up with the design?

Third: Are there such substantial similarities between the Jewelex's ring and Eyal's ring design that they could not have occurred without copying?

Fourth Were other, similar ring designs available in the market from other parties, to which Jewelex had access?

Fifth: Did Jewelex have the means to develop the design of its ring independently from Eyal's design?

Sixth:  Did Jewelex develop the design of its ring independently from Eyal's design?

These are not the only questions that might arise on this issue. You may consider any relevant circumstance, that is, any circumstances from which you may draw an inference either as to whether Jewelex has or has not copied Eyal's design.

Authorities: *Aldon Accessories Ltd. v. Spiegel, Inc.*, 738 F.2d 548 (2d Cir.), *cert. denied*, 469 U.S. 982 (1984), *overruled on other grounds, Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 736 n. 2 (1989); *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121–22 (2d Cir. 1930), *cert. denied*, 282 U.S. 902 (1931); *Twin Peaks Productions, Inc. v. Publications Int'l Ltd.*, 996 F.2d 1366, 1372 (2d Cir. 1993); *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946), *cert. denied*, 330 U.S. 851 (1947); *Knitwaves, Inc. v. Lollytogs, Ltd.*, 71 F.3d 996, 1002 (2 Cir. 1995); *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 912 (2d Cir. 1980); *Castle Rock Entertainment, Inc. v. Carol Publishing Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998); *Arc Music Corp. v. Lee*, 296 F.2d 186, 187 (2d Cir. 1961); *Gaste v. Kaiserman*, 863 F.2d 1061, 1067–68 (2d Cir. 1988); *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997), *cert. denied*, 525 U.S. 815 (1998); *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Gaste v. Kaiserman*, 863 F.2d 1061, 1067–68 (2d Cir. 1988); FED-JI 160.27.

**46.     Copyright Infringement – Essential Elements of Plaintiff's Claim – Accessibility**

The first issue is access. Access means proof sufficient to show that the defendant Jewelex or whoever created Jewelex's Rings had a reasonable opportunity to view the plaintiff Eyal's ring design. While Eyal is not required to show that whoever produced Jewelex's rings actually saw Eyal's ring design, they must show that the person or persons went to or other wise had actual access to where the ring was displayed. Eyal is not required to show that some particular channel of communication existed through which the ring design was seen but it must show that Jewelex had reasonable opportunity to copy the ring design.

Authorities: *Aldon Accessories Ltd. v. Spiegel, Inc.*, 738 F.2d 548 (2d Cir.), *cert. denied*, 469 U.S. 982 (1984), *overruled on other grounds, Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 736 n. 2 (1989); *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121–22 (2d Cir. 1930), *cert. denied*, 282 U.S. 902 (1931); *Twin Peaks Productions, Inc. v. Publications Int'l Ltd.*, 996 F.2d 1366, 1372 (2d Cir. 1993); *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946), *cert. denied*, 330 U.S. 851 (1947); *Knitwaves, Inc. v. Lollytogs, Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995); *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 912 (2d Cir. 1980); *Castle Rock Entertainment, Inc. v. Carol Publishing Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998); *Arc Music Corp. v. Lee*, 296 F.2d 186, 187 (2d Cir. 1961); *Gaste v. Kaiserman*, 863 F.2d 1061, 1067–68 (2d Cir. 1988); *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997), *cert. denied*, 525 U.S. 815 (1998); *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Gaste v. Kaiserman*, 863 F.2d 1061, 1067–68 (2d Cir. 1988); FED-JI 160.27.

**47.   Copyright Infringement – Essential Elements of Plaintiff's Claim – Substantial Similarity**

On the issue of similarity, you must ask yourselves whether there are substantial enough similarities between the copyrighted elements as you determine those elements to be, of Eyal's ring design and Jewelex's rings that the similarities probably would not have occurred without copying.

In looking for substantial similarity, you must examine the total concept and feel of the two works and you may also consider whether the elements are sufficiently commonplace that different designers could have come up with the design independently.  If an ordinary person would probably regard the aesthetic appeal of the two items to be the same and be inclined to overlook the differences between the items unless he set out to detect the differences, then you have found substantial similarity.  However, if the elements are commonplace, then if there are minor differences you may also consider those and find that there is not a substantial similarity.  Put another way, the smaller the amount of originality that you believe is embodied in the Eyal ring, the more any slight difference makes it not substantially similar.

Authorities: *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir. 2001); *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 101 (2d Cir. 1999); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 500 (2d Cir. 1982); *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995); *Aldon Accessories Ltd. v. Spiegel, Inc.*, 738 F.2d 548 (2d Cir.), *cert. denied*, 469 U.S. 982 (1984), *overruled on other grounds, Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 736 n. 2 (1989); *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121–22 (2d Cir. 1930), *cert. denied*, 282 U.S. 902 (1931); *Twin Peaks Productions, Inc. v. Publications Int'l Ltd.*, 996 F.2d 1366, 1372 (2d Cir. 1993); *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946), *cert. denied*, 330 U.S. 851 (1947); *Knitwaves, Inc. v. Lollytogs, Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995); *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 912 (2d Cir. 1980); *Castle Rock Entertainment, Inc. v. Carol Publishing Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998); *Arc Music Corp. v. Lee*, 296 F.2d 186, 187 (2d Cir. 1961); *Gaste v. Kaiserman*, 863 F.2d 1061, 1067–68 (2d Cir. 1988); *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997), *cert. denied*, 525 U.S. 815 (1998); *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Gaste v. Kaiserman*, 863 F.2d 1061, 1067–68 (2d Cir. 1988); FED-JI 160.27.

**48.    Copyright Infringement – Prima Facie Case of Infringement**

If plaintiff Eyal shows (i) that defendant Jewelex or its suppliers had access to Eyal's ring design and (ii) that there is a substantial similarity between Eyal's ring design and Jewelex's rings, then Eyal has established a prima facie case that Jewelex copied the design in violation of Eyal's copyright.

Authorities: *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997); *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Gaste v. Kaiserman*, 863 F.2d 1061, 1067-68 (2d Cir. 1988); *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 n. 2 (2d Cir. 1977).

**49.    Copyright Infringement – Affirmative Defense of Independent Creation**

As an affirmative defense to plaintiff Eyal's allegations of copying, defendant Jewelex claims that it independently created the Jewelex rings at issue without copying Eyal's Prinuette Ring design. In order to overcome a presumption of copying, Jewelex has the burden to prove this fact. You are to determine if Jewelex has established, by a preponderance of the evidence, that it independently created the Jewelex ring. If you find that it did so, then you must find for Jewelex. If two items are identical but are created independently, then the law is that, assuming they satisfy the requirement of originality, each is entitled to be deemed a copyrighted work and there is no infringement. Copyright infringement is only when there is copying of another's work.

Authorities: *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982); *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997); *Twin Peaks Productions, Inc. v. Publications, Int'l, Ltd.*, 996 F.2d 1366, 1372 (2d Cir. 1993); *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1096 n. 2 (2d Cir. 1977) (*citing Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1110 (9th Cir. 1970)); *Arrow Novelty Co. v. Enco National Corp.*, 393 F.Supp. 157, 160 (S.D.N.Y.1974); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir.), *cert. denied*, 476 U.S. 1159 (1986); *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 294 (3d Cir. 1991); *Keeler Brass Co. v. Continental Brass Co.*, 862 F.2d 1063, 1065–66 (4th Cir. 1988); *Hustler Magazine Inc. v. Moral Majority Inc.*, 796 F.2d 1148, 1151 (9th Cir. 1986); *Walker v. University Books, Inc.*, 602 F.2d 859, 864 (9th Cir. 1979); *Benson v. Coca-Cola Co.*, 795 F.2d 973, 974 (11th Cir. 1986).

**50a    Copyright Infringement – Affirmative Defense of Statute of Limitation**

A statute of limitation is a time limit by which a party must bring a suit, or else their claim for relief is barred. The statute of limitations for copyright violation actions is three years. Eyal did not commence this lawsuit until 2007. Eyal, therefore, is barred from seeking relief for any claim that arose prior to 2004.

17 U.S.C. § 507(b); *Thornton v. J. Jargon Co.*, 580 F. Supp. 2d 1261, 1284-86 (M.D. Fla. 2008).


**50b.   Consider Damages Only If Necessary**

If the Eyal has proven by a preponderance of the credible evidence that a Jewelex is liable on Eyal's claim, only then must you determine whether Eyal is entitled to damages. However, you should not infer that Eyal is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Eyal is entitled to recovery.

 Source: HON. LEONARD B. SAND, ET AL., 4 MODERN FEDERAL JURY
INSTRUCTIONS P 77.01, Instruction 77-1 (2009) (modified).


**51.   Copyright Infringement – Damages – Generally**

If you find that plaintiff Eyal's copyright in question is valid, that the ring design would have been the subject of and received an independent copyright registration and that defendant Jewelex infringed on Eyal's copyright of that design, then you should find in favor of plaintiff Eyal.

You must then decide the amount of damages Eyal is entitled to recover.

Under the Copyright Act, Eyal is entitled to recover two categories of damages in its copyright infringement action—(i) Eyal's actual damages as well as (ii) Jewelex's profits from infringement.


Authorities: 17 U.S.C.A. § 504; *Business Trends Analysts v. Freedonia Group, Inc.*, 887 F.2d 399, 404 (2d Cir. 1989); FED-JI 160.92; *Aldon Accessories Ltd. v. Spiegel, Inc.*, 738 F.2d 548 (2d Cir.), *cert. denied*, 469 U.S. 982 (1984), *overruled on other grounds, Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 736 n.2 (1989); FED-JI 160.90; MFJI 86B-22.

**52.    Copyright Infringement – Damages – Plaintiff's Actual Damages**

The first category—plaintiff Eyal's actual damages—are damages suffered by Eyal as a result of Jewelex's copyright infringement, including Eyal's unrecovered costs and lost profits. Lost profits are any profits that Eyal did not earn as the result of Jewelex's infringement. In order to determine Eyal's lost profits you may award Eyal the profits it would have realized from sales to customers who bought both Eyal's and Jewelex's rings.

Because there were companies other than just Eyal and Jewelex selling a ring of the same design as the rings in question, Eyal may not rely on any presumption that a sale made by Jewelex is, necessarily a sale lost by Eyal. Further, you have heard testimony, both live and read from depositions taken prior to this trial, that Eyal's customers had stopped or reduced selling Eyal's ring before choosing to purchase Jewelex's ring. Therefore, Eyal must demonstrate by credible evidence the amount of profits it claims to have lost as a result of Jewelex selling its ring.

SynQor, Inc. v. Artesyn Techs., Inc., 2011 U.S. Dist. LEXIS 91693 (E.D. Tex. Aug. 17, 2011) (allowing expert testimony on lost profits only after appropriate factual predicates were developed and expert provided a detailed breakdown of lost profits on "a customer-by-customer, product-by-product basis")

Authorities: 17 U.S.C.A. § 504; *Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467, 471 (2d Cir. 1985); *Stevens Linen Associates, Inc. v. Mastercraft Corp.*, 656 F.2d 11, 14-16 (1981); *Computer Associates Int'l, Inc. v. Altai, Inc.*, 775 F.Supp. 544, 571 (E.D.N.Y. 1991), *aff'd in part, vacated in part*, 982 F.2d 693 (2d Cir. 1992); 4 Nimmer on Copyright, § 14.02; *Business Trends Analysts v. Freedonia Group, Inc.*, 887 F.2d 399, 404 (2d Cir. 1989); FED-JI 160.92; FED-JI 160.90; MFJI 86B-22.

**53.    Copyright Infringement – Damages – Disgorgement of Defendant's Profits**

The second category—defendant Jewelex's profits— is the amount of money that Jewelex has made as a result of infringing on Eyal's copyrighted design. The profits are determined by deducting Jewelex's expenses from its gross revenue.

Gross revenue is all of Jewelex's receipts from the use, sale and/or import of a work containing or using copyrighted elements of Eyal's Prinuette Ring design. Jewelex's expenses are all operating and production costs incurred in generating the gross revenue.

Eyal has the burden of proving Jewelex's gross revenue by a preponderance of the evidence.

However, Jewelex has the burden of proving any potential deduction of the gross revenue, including its expenses and the portion of the profits attributable to factors other than the use or copying of the copyrighted work by a preponderance of the evidence.

An award based on a plaintiff's actual damages is not to be duplicated in an award based on the defendant's lost profits.  Therefore you may not include in an award of Jewelex's profits any amount of of the sales  that you took into account in determining Eyal's actual damages.

Authorities: 17 U.S.C.A. § 504; *Business Trends Analysts v. Freedonia Group, Inc.*, 887 F.2d 399, 404 (2d Cir. 1989); FED-JI 160.92; *Aldon Accessories Ltd. v. Spiegel, Inc.*, 738 F.2d 548 (2d Cir.), *cert. denied*, 469 U.S. 982 (1984), *overruled on other grounds, Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 736 n.2 (1989); FED-JI 160.90; MFJI 86B-22.

## CERTIFICATE OF SERVICE

I, James D. Fornari, attorney for Defendant Jewelex New York Ltd., Inc.., hereby certify that a true and correct copy of the foregoing **DEFENDANT JEWELEX NEW YORK, LTD., INC.'S [PROPOSED] JURY INSTRUCTIONS** was served via Federal Express and electronic mail on January 13, 2012, upon the following parties:

>Jura C. Zibas
>Wilson, Elser, Moskowitz,
>Edelman, & Dicker LLP
>*Attorneys for Plaintiff*
>150 East 42nd Street
>New York, NY 10017
>Telephone: (212) 490-3000
>Facsimile: (212) 490-3038
>
>HURON LAW GROUP
>
>Jeffrey Huron
>*Attorneys for Plaintiff*
>1875 Century Park East, Suite 1000
>Los Angeles, California 90067
>Telephone: (310) 284-3400

Dated: January 13, 2012
New York, NY

James D. Fornari
GERSTEN SAVAGE LLP
*Attorneys for Defendant*
600 Lexington Avenue
New York, NY, 10022
Telephone: (212) 571-9700
Facsimile: (212) 980-5192